*E-FILED - 8/12/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID LITMON, JR., | ) | No. C 05-4000 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER OF DISMISSAL |
| | ) | |
| vs. | ) | |
| | ) | |
| EDWARD FLORES, et al., | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a civil detainee at Coalinga State Hospital under California's "Sexually Violent Predators Act" (California Welfare & Institutions Code § 6600 et. seq.) ("SVPA"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on October 4, 2005. The petition challenges the constitutionality of his confinement pursuant to civil commitment proceedings under the SVPA. The petition references two different civil commitment petitions, filed in 2002 and 2004 respectively, in the Santa Clara County Superior Court. At the time he filed the instant petition, he had been tried and convicted on the 2002 commitment petition, but he had not yet appealed that conviction to the California Court of Appeal or the California Supreme Court; he was also awaiting trial on the 2004 petition. For the reasons discussed below, the court dismisses the petition without prejudice for failure to exhaust his state court remedies.[1]

---

[1] A previous federal habeas petition, Case No. C 03-3996 RMW, challenged an earlier commitment petition, from 2000. That petition has been denied on its merits. A more recent

Order of Dismissal
P:\pro-se\sj.rmw\hc.05\Litmon000disexh         1

**BACKGROUND**

According to the allegations in the petition, in 2002 the District Attorney of the County of Santa Clara filed a civil commitment petition to civilly commit petitioner for two years pursuant to the SVPA. In 2004, before petitioner had been tried on the 2002 commitment petition, another commitment petition was filed to recommit petitioner for another two-year term. The Santa Clara Superior Court ordered the two commitment petitions to be consolidated for trial, but the California Court of Appeal reversed the trial court decision and ordered the two commitment petitions to be tried separately. Consequently, a trial was held on the 2002 commitment petition on August 29, 2005, and the jury found the petition to be true on September 7, 2005. Thereafter, on October 4, 2005, petitioner filed the instant federal petition. At the time he filed the instant petition he had not yet appealed the judgment from the 2002 commitment petition to the state appellate or supreme courts, nor had he been tried on the 2004 commitment petition.

**DISCUSSION**

With respect to the 2002 commitment petition, it is clear that petitioner had not exhausted his available state court remedies prior to filing the instant action. Section 2241 does not specifically require petitioners to exhaust available remedies before filing petitions for a writ of habeas corpus. <u>Castro-Cortez v INS</u>, 239 F.3d 1037, 1047 (9th Cir. 2001). Nonetheless, courts "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." <u>Id.</u> (citations omitted). At the time petitioner filed the instant petition, he had only recently been tried and convicted on the 2002 commitment petition and had not yet appealed the trial court judgment to either the California Court of Appeal or the California Supreme Court.[2] Thus, petitioner had not exhausted his

---

federal petition, Case No. C 08-2569 RMW, also challenges his 2002 commitment petition. An order to show cause has been issued in that case.

[2] Petitioner states that he had an appeal of a *pretrial* order denying his motion to dismiss the petition that was pending in the California Supreme Court at the time he filed the instant petition.

Order of Dismissal
P:\pro-se\sj.rmw\hc.05\Litmon000disexh            2

available judicial remedies as to the 2002 commitment petition prior to filing the instant petition.[3]

With respect to the 2004 commitment petition, petitioner had not even been tried on such petition, let alone exhausted his state court appeals therefrom, when he filed the instant petition. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-46 (1971). The policies underlying Younger abstention are fully applicable to noncriminal judicial proceedings when important state interests are involved, and when the state proceedings afford an adequate opportunity to raise constitutional claims. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); id. at 434-37 (finding Younger abstention applicable to state bar disciplinary proceedings where important state interest of regulating attorney conduct involved, constitutional claims could be addressed in state proceedings, and no extraordinary circumstances warranted federal intervention). Applying the principles discussed in Middlesex, the Court finds Younger abstention is applicable to the proceedings pending against petitioner: the proceedings are judicial in nature, they involve important state interests concerning the state's regulation of sexually violent offenders, and they afford petitioner an opportunity to raise his constitutional claims. Moreover, petitioner has made no showing that extraordinary circumstances exist that would require federal intervention. See Younger, 401 U.S. at 46; see also Carden, 626 F.2d at 84. Consequently, under the principles of Younger and Middlesex, the instant petition may not proceed on the basis of a challenge to the 2004 commitment petition, as petitioner had not yet been tried on such a petition and the commitment proceedings were still ongoing when he filed the instant petition.

---

[3]Although it is possible that petitioner has, since filing this petition in October 2005, exhausted all of his state court appeals all the appeals of the civil commitment proceedings, the appropriate time to assess whether a prisoner has exhausted his state judicial remedies is when the federal petition is filed, not when it comes on for hearing in the district court. Gatlin v. Madding,189 F.3d 882, 889 (9th Cir. 1999). If petitioner has exhausted after filing, he may raise that in a subsequent federal habeas petition, as he has done in Case No. 08-2569 RMW. See id.

**CONCLUSION**

Accordingly, the petition for a writ of habeas corpus under § 2241 is DISMISSED without prejudice to petitioner filing a new petition after the challenged civil commitment proceedings have been completed and all available judicial remedies have been exhausted.

The clerk shall close the file.

IT IS SO ORDERED.

DATED: ___8/8/08_____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge